Manuel Monge Pastrana, Petitioner, *v.* Tax Court of Puerto Rico, Respondent; Rafael Buscaglia, Treasurer of Puerto Rico, Intervener.

No. 170.   Argued February 3, 1948.—Decided April 21, 1948.

*D. Guerrero Noble* and *E. Díaz Santana* for petitioner.   *Luis Negrón Fernández, Attorney General,* and *Edgar S. Belaval,* special counsel for the Department of Justice, for intervener, respondent in the main action.

Mr. Justice Todd, Jr., delivered the opinion of the Court.

On June 25, 1945 the petitioner herein filed a complaint in the Tax Court alleging, in brief: that he was the owner of a cockpit; that the respondent Treasurer of Puerto Rico collected from him the amount of $337.17 as excise tax on public shows for admission to said cockpit; that the petitioner paid the tax under protest; that the collection of said excise tax was illegal for the following reasons: because there was no basis to levy said tax inasmuch as in the business of cockfights there is no fixed income and that 90 per cent of the spectators do not pay any admission fee; that the first notice which he received was a notice of attachment without any investigation having been previously made of his cockpit; and that the Act which imposes the excise tax was arbitrary inasmuch as it does not establish any fixed basis for the collection of a tax and also because most of the spectators do not pay for admission but enter free.

The Treasurer answered the complaint accepting some of the averments but denying others and alleged that he had acted according to law and that he had not collected the excise tax from those spectators who had not paid admission fee.

Subsequently, the petitioner filed an amended complaint wherein he alleged as an additional ground for the return of the tax, that Acts No. 84 of April 29, 1940 and No. 186 of May 15, 1941, that levy the excise tax on admission to public shows, were void and unconstitutional inasmuch as each contained more than one subject matter in its title as well as in the context, thereby violating § 34 of the Organic Act of Puerto Rico.

The case was submitted and the Tax Court on February 6, 1947 dismissed the complaint for lack of facts constituting a cause of action and granted the petitioner a period within which to amend his complaint. The decision of the Court was grounded on that, according to the actions and the allegations of the parties, the only question to be determined was

whether certain acts were unconstitutional and that there was no showing on the face of the complaint that this unconstitutionality was one of the grounds specified on making payment under protest. The Court also stated that the petitioner did not allege that he had not collected the tax in question from the spectators or that he had failed to collect it on the ground that the aforesaid statutes were void and unconstitutional.

On February 17, 1947 the petitioner filed a second amended complaint similar to the first amended complaint, with the exception that it alleged the following: ''That the petitioner sustained the payment of said tax, penalty, surcharges and interest.''

The Treasurer filed a motion for dismissal on the ground that the amended complaint had the same defects as the one already dismissed and that the receipt of the payment under protest had not been attached to the original complaint.

On June 23, 1947 the Tax Court rendered a decision granting the motion for dismissal because it did not appear from the second amended complaint, as it did not appear from the first, that the unconstitutionality of the statutes in question had been one of the grounds specified in the tax receipt on making the payment under protest; and because it did not appear from the complaint that the petitioner had suffered the weight of the tax payment.

In order to review this decision we issued the writ herein.

██ The main question to be decided is whether §§ 1 and 3 of Act No. 8 of April 19, 1927, as amended by Act No. 17 of November 21, 1941, Special Session Laws, providing for the payment of taxes under protest, preclude the taxpayer from bringing for the first time before the Tax Court the question of the constitutionality of an Act when this was not one of the grounds set up by him on making payment under protest. Sections 1 and 3 provide insofar as pertinent:

''Section 1.—Whenever a taxpayer believes that he should not pay any tax or part thereof, . . . the taxpayer shall, however, be

obliged to pay the same in full . . . and should he desire to make any claim, he shall ask the said collector or the said official in charge of the collection of taxes, on making payment, to endorse the tax receipts, *specifically stating* what part of the tax is paid under protest and challenged by the taxpayer *and the reasons on which he grounds the protest and challenge . . .* " (Italics ours.)

"Section 3.—A taxpayer who, in accordance with this Act and the exceptions established therein, shall have paid under protest the whole or part of any tax may, within the term of thirty (30) days from the date of payment, file a sworn complaint against the Treasurer of Puerto Rico in the corresponding district court;[1] *Provided, That the complaint shall not be for an amount or on any other grounds than those alleged in his protest when making payment . . .* " (Italics ours.)

Under this Act the People of Puerto Rico has consented to be sued by the taxpayers in order that they may recover a tax with which they did not agree and paid under protest, for some reason, but it limited its consent. First it imposes on the taxpayer the obligation to specifically state the reasons on which he grounds the protest and challenge, and second, it imposes as a condition to the claim that the complaint shall not be "on any other ground than those alleged in his protest when making payment." That the consent given by the sovereign to be sued may be limited or subject to certain conditions, does not admit discussion. *The Mayagüez Light, Power & Ice Company* v. *Tax Court, ante* p. 482, and cases cited therein. And with respect to the consent given, the conditions and restrictions imposed by the Legislature should be strictly complied with. *La Correspondencia de P. R.* v. *Buscaglia Treasurer,* 58 P.R.R. 682; Annotation 42 A.L.R. 1478.

Referring to those statutes which allow suits to recover a tax paid under protest, it is said in 3 Cooley Taxation, § 1296: "The right to recover a tax paid under protest depends primarily on whether a recovery in such a case is pro-

---

[1] At present in the Tax Court of Puerto Rico, pursuant to Act No. 169 of 1943.

vided for by statute." In § 1297 it is stated that "Independent of statute, a payment is not compulsory merely because made under protest. On the other hand, if paid under. compulsion, no protest is necessary. However, in case of doubt, protest may be taken into account in determining the question of duress." And then, in § 1298 it adds "Statutes in some states have changed the rule somewhat, and have allowed a recovery in all cases of illegal tax, provided that at the time of payment formal protest was made as the statute prescribes. In respect to such statutes it is only necessary to say that a party relying upon them must be careful to bring his case within their provisions . . . Where the statute requires a written notice of protest, an oral protest, with an entry by the receiving clerk in his book that the tax was paid under protest, is not sufficient. Generally the protest is required to specify the grounds of invalidity relied upon, and grounds not specified will not be considered; but unless required by statute, the grounds of protest need not be stated in the notice of protest."

In Puerto Rico, pursuant to the Act providing for the payment of taxes under protest, suits have been allowed against the State to recover the same, but this right is limited, however, to filing the complaint on the same grounds as those alleged by the taxpayer when making payment under protest. The Act providing for the payment of taxes under protest does not prohibit the taxpayer to raise the question of constitutionality of the statute which levies the tax, as petitioner contends, yet, if he had the opportunity to specify that ground on making payment under protest but failed to do so, he cannot complain now of his own acts.

The purpose of this Act is that the Treasurer of Puerto Rico should know beforehand the ground on which the complaint shall be based and thus have the opportunity to prepare himself defending the constitutionality of the Act challenged for the reasons set forth by the taxpayer. By limiting thus

the cause of action the State has not denied the taxpayer of any right, inasmuch as he had none until the sovereign gave its consent to be sued.

The cases cited by the petitioner are not applicable herein, inasmuch as the statutes under which they were decided are different in that they did not expressly limit the complaint to the reasons stated when making payment under protest. The lower court did not err in deciding the main question in the manner it did.

█ Finally, petitioner argues that the Tax Court erred in construing the averment in his complaint to the effect that "the petitioner sustained the payment of said tax, penalty, surcharges and interest" in deciding that this allegation means that the petitioner collected from his clients the tax for admission to the cockpit.

What the court actually decided was the following:

"This decision does not preclude the taxpayer from instituting another proceeding to recover the tax which, in his opinion, was collected by virtue of statutory provisions which were void and unconstitutional. But still he does not allege in his new amended complaint that he did not collect from his clients the excise tax on public shows for admission to the cockpit. He does state in his notice of appeal that 'he sustained the payment of said tax, penalty, surcharges and interest,' that is, that he paid under protest.

"It was not necessary for him to allege this conclusion of fact. It is perfectly well known that the persons who attended the cockfight were not the ones who paid the tax in question *under protest*. Those spectators voluntarily paid the tax which petitioner now seeks to recover, although he has no right to it, under pretext that the statutory provisions on which *he relied to collect the tax*, are void and unconstitutional, notwithstanding the fact that pursuant to the Act providing for the payment of taxes under protest, to which he now resorts, such an action may not be untimely exercised."

Undoubtedly the court had in mind when disposing of the case as it did, the provisions of Subdivision 4 of § 1 of Act No. 169 of May 15, 1943, as amended by Act No. 137 of May 9, 1945, which read as follows:

"When the case concerns a demand for payment made by the Treasurer by virtue of any excise or license tax levied by the Internal Revenue Laws of Puerto Rico or by the Beverages Act of Puerto Rico or by any other Act levying excises or license taxes, appeal may be taken to said court only by the person or entity which may have in fact suffered the burden of paying the excise or tax, and an allegation in this sense and the evidence thereof at the proper time shall be considered as jurisdiction requirements."

Assuming, without deciding, that the allegation of the petitioner to the effect that "he sustained" the payment of the tax means that he did not collect it from the spectators, there would still remain the main question previously discussed and decided against him.

The decision of the Tax Court is affirmed.